The opinion of the Court was delivered by
O’Neall, J.
1. The first question in this case is, whether the writ of certiorari was the proper remedy. I have no doubt that it was. The case of the State v. Senft and Prioleau, 2 Hill, 369, is authority to that point. When the case is thus brought up, and it appears the Inferior Court had no jurisdiction, the Superior Court may so decide, and quash the proceeding below.
2. The remaining question in the case is, whether the judg *49 ment of ouster pronounced by tbe magistrate and freeholders can be sustained. I think it can. •
The lease inter alia, provided, if default should be made in the payment of rent, that then the lease should be forfeited. There was no statement in the petition for the writ of certiorari that rent had been paid. The question was stated, as mainly in issue between the parties, whether the lease was determined by nonpayment of rent ?
The Act of 1812, (5 Stat. 676,) which was the first provision on this subject, provides “ that where any person or persons shall have leased or demised in writing any lands or tenements to any person or persons, for a term of one or more years, or at will, and he, she, or they, or his, her, or their heirs or assigns shall be desirous, upon the determination of the lease, to have again and possess his, her, or their estate, so demised,” &c.
The Act of 1817, (6 Stat. 67,) was intended to extend the remedy of the Act of 1812 to parol as well as written leases; whether it succeeded in this attempt or not it is not now necessary to decide. The eighth section of that Act may be important to be thought of in construing the word “ determination,” for it makes express provision that alterations or removal of buildings shall forfeit the lease.
The Act of 1839, (11 Stat. 21,) 23d section, providés for the trial by magistrate and freeholders, and ouster by their verdict and warrant, “on the determination of any lease in writing or by parol,” &c.
I see nothing in the words of the Acts which can confine “ the determination" of the lease to the efflux of the time for which it was granted. It is as much determined by the nonpayment of rent, as any other stipulation. Indeed, under the Act of 1817, it is plain that alterations or removal of buildings is a legal determination of the lease. When the parties contract, as they did in the case before us, that the lease shall *50 be forfeited on non-payment of rent, it follows that the lease may be thereby “ determined.”
It is true, the landlord may not choose to avail himself of this forfeiture, but if he does, the tenant cannot bold over after the notice to quit provided.for in the Acts of 1812 and 1839. I see Mr. Pressley, in his excellent “Law of Magistrates,” states that a lease may be “ determined” by forfeiture. Law of Mag. 347. And forfeiture he ascribes to making alterations of the premises, and nonpayment of rent. If I entertained any doubt on the construction, this would determine it, for this work was got up and published in 1848, by the authority of the Legislature.
It is very true that acceptance of rent, or a distress after forfeiture, if the tenant continue in possession, might be a waiver. But where, as here, the whole rent in arrear was not paid, and subsequently rent accrued and also was not paid, I think it cannot be said there was any waiver. In order to claim a forfeiture from nonpayment, on the day fixed for payment of rent, it seems there must be a demand on the premises demised, but where repeated demands of rent in arrear are made, and the defendant, as in this case, does not dispute the claim, there can be no necessity for the demand on-'the premises. I am therefore of opinion that the magistrate below was right in holding, that the lease was forfeited according to its terms, by nonpayment of rent; and that a general finding was sufficient. So, too, I think he was right in instructing the jury "that they were to determine the fact if sufficient demand had been made, and, if they believed the testimony, the demand of rent and nonpayment had been sufficiently proved in law.”
The motion to reverse the decision of the Judge below is granted, and the order made by him for the writ of rerestitution is set aside.
Withers, Whitner and Glover, JJ., concurred.