STATE v. COLEMAN.

CRIMINAL LAW—RAPE.—A boy between seven and fourteen years of age may be convicted of the statutory crime of the carnal knowledge of an unmarried woman under fourteen years of age (Crim. Code, sec. 115), if physical capacity to commit the crime be shown.

Before TOWNSEND, J., Richland, April term, 1898. Affirmed.

Indictment against Charles Coleman for carnal knowledge of an unmarried woman child under the age of fourteen years. From verdict of guilty and sentence, defendant appeals.

*Mr. John McMaster,* for appellant, cites: 8 Car. & P., *736; 9 Ib., 118, 366; 7 Ib., 582; Crim. Stats., secs. 114 and 115, *are taken from* 18 Eliz. C., 7; 2 Pick., 380; 14 Ohio, 222; 4 How., 566; 1 Wins, North Carolina, 300.

*Assistant Attorney General* for Solicitor *Thurman,* contra, oral argument.

Jan. 3, 1899. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appellant was convicted under scetion 115 of the Criminal Code, which is as follows: "If any person shall unlawfully and carnally know any woman child under the age of fourteen years, every such unlawful and carnal knowledge shall be felony, and the offender thereof shall suffer as for rape. * * *"

The defendant appealed upon the following exceptions: 1. "Because his Honor refused to charge the jury the following request, submitted by the defendant: 'That if the jury believe from the evidence that the defendant is under the age of fourteen years, he cannot be found guilty of the charge preferred in the indictment.' But on the contrary charged as follows: 'I cannot charge that---that would be the same as to say, he is incapable under fourteen of com-

mitting this crime—I cannot say that.' "   2. "Because his Honor erred in his charge to the jury, that if defendant was under fourteen years of age, even if physical capacity to accomplish his purpose was shown, defendant could be convicted of rape."   The appellant contends that, at common law, a person under fourteen years of age cannot commit the crime of rape.   It is not necessary in this case to decide the question whether the doctrine for which the appellant contends is of force in this State as to *rape,* because he was not indicted for that crime, but for the carnal knowledge of an unmarried woman under fourteen years of age, which is a statutory offense.   *The State* v. *Haddon,* 49 S. C., 308, shows that while the two crimes are similar in some respects, they are separate and distinct.   This case, therefore, falls under the general principle that a person under seven years of age is incapable of committing crime, while, between that age and fourteen years he may be convicted, if capacity to commit crime is established by the testimony.

Judgment affirmed.