## MOORE v. EWBANKS.

CLAIM AND DELIVERY—LIQUORS—STATE CONSTABLE.—Dispensary law, Crim. Code, 587, does not furnish a remedy to claimant of liquors taken from him under dispensary law to recover possession of same, and he may maintain claim and delivery against a State constable for liquors taken in honest discharge of his duties, on information that it was stored and kept in possession for unlawful use, after it has been disposed of under the provisions of the dispensary law.

Before BUCHANAN, J., Spartanburg, September, 1902. Reversed.

Action by Mattie Moore against Ben W. Ewbanks. From Circuit decree sustaining judgment of magistrate, plaintiff appeals.

*Mr. C. P. Sims,* for appellant. No argument furnished Reporter.

*Mr. Barber Hoke,* contra, cites: *Remedy provided by the act is exclusive:* 4 Wend., 668; 15 S. C., 487; 11 Rich., 245; 1 Wool., 103.

June 18, 1903. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant, Ben W. Ewbanks, a dispensary constable, seized as contraband a small quantity of lager beer in the possession of the plaintiff, Mattie Moore, who instituted claim and delivery proceedings for the recovery of the property or its value. The plaintiff alleged the beer was bought from the dispensary, and kept for her own personal use, but admitted in her reply that the constable before making said seizure "was informed that said beer was being stored and kept in the possession of the plaintiff for unlawful use; that acting on such information and in the faithful discharge of his duties as such ministerial officer, he made said seizure for and on behalf of the State, and had disposed of the same according to the directions of the dispensary law in such cases before the commencement of this action." Upon appeal from judgment of the magistrate in favor of the plaintiff, the Circuit Court dismissed the proceedings, holding that where liquor is seized in good faith by a constable in the enforcement of the dispensary law, section 587 of the Criminal Code provides a remedy exclusive of all others, and, therefore, in such a case the action of claim and delivery could not be maintained. No question of the right to recover damages for tort is raised, and the sole inquiry involved in the appeal is, can an action of claim and delivery be maintained to recover liquor seized by a State constable

in endeavoring in good faith to discharge the duties of his office?

The general rule is that where there is a remedy already existing and the statute provides another in the affirmative without a negative, express or implied, the latter remedy is regarded cumulative and not exclusive of that already known to the law. *Gibbes* v. *Beaufort,* 20 S. C., 216. And the rule is the same whether the existing remedy was based on the common law or statute law. 1 Cyclopedia of Law and Procedure, 709. To this rule there is, however, a very important exception. Where a statute authorizes the taking or damaging of property for public purposes, and provides a remedy by which compensation may be obtained, such remedy is not cumulative but exclusive. *Calking* v. *Baldwin,* 4 Wendell, 667; *Sams* v. *R. R. Co.,* 15 S. C., 487; *Fuller* v. *Eddings,* 11 Rich., 245. The seizure of liquor in the enforcement of the dispensary law being for a very important public purpose, if the act providing for the seizure also provides a remedy to the person claiming the property which he may set in motion for the assertion of his rights, the remedy so provided should be regarded exclusive of all other remedies. This appeal is, therefore, narrowed to the inquiry whether the dispensary act in providing for the seizure has given a remedy which takes the place of claim and delivery. If such a remedy has been provided, it is exclusive, and this action could not be maintained.

The portion of section 587 of the Criminal Code considered by the Circuit Judge to furnish an exclusive remedy in such a case is as follows:

"Second. If the said goods are believed by the officer making the seizure to be of less value than fifty dollars, no appraisement shall be made. The said officer or person shall proceed to publish a notice for three weeks, in writing, at three places in the county where the seizure was made, describing the articles, and stating the time and place and cause of their seizure, and requiring any person claiming them to appear and make such claim within thirty days from the date

of the first publication of such notice.   Third. Any person claiming the liquors or other property so seized as contraband, within the time specified in the notice, may file with the board of State directors a claim, stating his interest in the articles seized, and may execute a bond to the board of State directors in the penal sum of five hundred dollars, with sureties, to be approved by the said board of State directors, conditioned that in the case of condemnation of the articles so seized, the obligors shall pay all the costs and expenses of the proceedings to obtain such condemnation; and upon the delivery of such bonds to the board of State directors he shall transmit the same, with the duplicate list or description of the goods seized, to the solicitor of the circuit in which such seizure was made, and the said solicitor shall prosecute the case to secure the forfeiture of said contraband liquors or liquids in the Court having jurisdiction.   Fourth. If no claim is interposed and no bond given within the time above specified, such liquors shall be forfeited without further proceedings, and the dispensary commissioner shall have the said liquors tested by the State chemist, and, if pure, shall furnish the same through the State dispensary.   If not pure, the same shall be destroyed by the chemist of the South Carolina College, who shall make a report to the board of State directors of the amount and kinds of liquors so destroyed: *Provided,* That in seizures in quantities less in value than fifty dollars of such illicit liquor or liquors, the same may be advertised with other quantities at Columbia by the board of State directors, and disposed of as hereinbefore provided: *Provided, further,* That the claimants of such liquors may give bond in one hundred dollars, as when the value is fifty dollars or over, and shall bear the burden of showing before a magistrate that they have complied with the law and that the liquor is not liable to seizure."

It will be observed, this law makes no provision for the claimant to receive back the property on giving the required bond, as would be his right on giving the undertaking in claim and delivery; the only result of giving the bond, under

section 587, being to prevent the forfeiture of the property without judicial condemnation. What is still more important, no method is provided for the claimant to institute a suit or proceedings of any kind to recover the liquor or its value. The solicitor, on behalf of the State, is required to prosecute the case, "to secure the forfeiture of said contraband liquors or liquids in the Court having jurisdiction," but the claimant of the liquor has no means of forcing the solicitor to bring to issue and trial the question of his right to the liquor. Indeed, we have been unable to find in the statute any indication of the proceedings to be adopted by the solicitor in securing the forfeiture of the contraband liquor.

It is obvious, therefore, that this section does not supply a remedy which in any sense takes the place of claim and delivery, or affords even the same character of relief, and it does not in terms or by implication take away the right to recover the property or its value. On the contrary, to hold that this statute excludes all pre-existing remedies would be to hold that the owner of liquor seized under a mistake by a constable has been deprived by this act of all methods of procedure by which he might legally assert his claim to the lawful possession and ownership of the property. It is not necessary to consider whether the General Assembly could constitutionally enact a law having this effect. A statute should not be construed to effect a change in the law so radical and far-reaching unless the intention of the law-making body has been expressed in unmistakable terms. But not only is there an entire absence from this section of the expression of a purpose to exclude the remedy of claim and delivery, but the General Assembly has elsewhere indicated an intention to leave this remedy available in dispensary issues. Section 600 of the Criminal Code provides: "Chapter I., title VII., of the Code of Civil Procedure of this State, entitled 'Of Provisional Remedies in Civil Actions,' shall not apply to any officer or person having duties to perform under this chapter, and in no case shall an action lie against any such officer or person for damages to person or

property, as provided in said chapter." Title VII. of the Code of Civil Procedure treats, under Chapter I., of "Arrest and Bail," and Chapter II. of the same article relates to "Claim and Delivery." When the General Assembly has expressly enacted that dispensary constables should not be subject to the provisional remedy of arrest and bail, this limits their exemptions and strongly implies that they are still liable to the other provisional remedies of Chapter VII., of which claim and delivery is one. For these reasons, we conclude section 587 of the Criminal Code furnishes practically no remedy to the claimant of liquor taken from him, and that the General Assembly did not intend to interfere with the right of the claimant to institute proceedings to recover the property or the value thereof.

The judgment of this Court is, that the judgment of the Circuit Court be reversed.