8559

## DODD v. SPARTANBURG RAILWAY, GAS AND ELECTRIC CO.

1. OPINION EVIDENCE.—After stating the facts, a witness may give his opinion as to whether persons standing on a crossing could hear the gong of a trolley car while watching a freight train passing near.

2. EVIDENCE.—Error in the admission of evidence will not be considered where similar evidence was brought out without objection.

3. CONTRIBUTORY NEGLIGENCE.—An infant under seven years is incapable of committing contributory negligence.

4. PUNITIVE DAMAGES.—Evidence that a trolley car was run rapidly over a dangerous crossing, an intersection of three streets, where school children were accustomed to cross, where the conductors have been instructed to stop the cars and where there was a signboard "Cars Stop Here," that the crossing was dangerous, and the car was running rapidly, will support punitive damages.

Before FRANK B. GARY, J., Spartanburg, Fall term, 1912. Affirmed.

Action by Willie Dodd, by guardian, against Spartanburg Railway, Gas and Electric Company. Defendant appeals on the following exceptions:

1st. "In allowing the witness, W. C. Gash, against the objection of the defendant, to testify as to a matter of opinion and to answer the following question: 'With a freight train going right down by there, and those children standing there looking at the freight train, do you think they could have heard the gong?' The error being, as it is respectfully submitted, that this was altogether a matter of opinion, and allowed the witness to give his opinion on one of the material points in the case.

2d. "In refusing to grant the motion of the defendant for a nonsuit as to the cause of action for punitive damages. The error being, as is respectfully submitted, that there was no evidence tending to prove any wilfulness or wantonness

or such recklessness as would warrant a jury in concluding that the defendant was wilful or wanton.

3d. "In refusing the defendant's motion to direct a verdict to be rendered in favor of the defendant as to the cause of action for punitive damages. The error being, as is respectfully submitted, that there was no evidence tending to prove any wilfulness or wantonness or such recklessness on the part of the defendant as warrants the submission of this issue to the jury.

4th. "In charging and instructing the jury in reference to the cause of action for punitive damages as follows: 'I charge you, furthermore, in determining whether or not this defendant was wilful or reckless or guilty of such negligence as amounted to that, it is your duty to consider what the circumstances were. As negligence is a relative term, what would be negligence under one set of circumstances might not be under another.' The error being, as it is respectfully submitted, that by this charge his Honor in effect instructed the jury that they could render a verdict against the defendant for punitive damages, even though the defendant might have been guilty only of negligence. Further, that by this charge, his Honor in effect instructed the jury that the same act might be wilful, or wanton, or negligent. Whereas, it is respectfully submitted, the same act cannot be both wilful or wanton or at the same time negligent.

5th. "In charging and instructing the jury at the request of the plaintiff as follows: 'A driver or motorman, when operating his car on a street where he has reason to expect the presence of children, must exercise a high degree of watchfulness, and if he sees, or by the exercise of ordinary care could see a child of tender years on or near the track, he is not entitled to act on the assumption that such child will get off or stay off the track, but must at once use all reasonable efforts to avoid injuring him, and, if necessary, use all reasonable means to stop it in time to avoid injury, and if he fails to do so, the company is liable for resulting

damages.' The error being, as it is respectfully submitted, that in so charging his Honor eliminated from consideration of the jury the question of the capacity and intelligence of the child, and also eliminated the question as to whether or not a reasonable man would have thought that the child was not near enough to the track to be in danger, and allowed the jury to find a verdict against the defendant, even though the evidence might disclose that the child was of sufficient capacity and intelligence to understand and appreciate danger, and even though a reasonable man might have thought that the child was not in a place of danger.

"The error further being, as is respectfully submitted, that this was a charge upon the facts, contrary to the provisions of section 26, article V of the Constitution, and instructed the jury, as matter of fact, what degree of care a motorman should exercise and what his duty was in case he saw a child of tender years on or near the track. The error further being that by this charge his Honor placed upon the defendant the duty of exercising a high degree of care; whereas, it is respectfully submitted, a defendant under the circumstances supposed is only called upon to exercise reasonable care.

6th. "Because his Honor erred in charging as follows: 'If the employee sees an infant of very tender years on its track it is its duty to do what it should do, and, if necessary, to stop. That does not mean when he sees an infant at some distance he must stop. He is obliged to commence at once to give warning, it may be by ringing the bell, or by putting on brakes to avoid injuring that child, and, if it is necessary, he must stop.' The error being, as is respectfully submitted, that his Honor in so charging upon the facts contrary to the provisions of section 26, article V of the Constitution, and instructed the jury as to what acts the motorman should have done upon the supposed circumstances to prevent an injury; whereas, it is respectfully submitted that it was a question entirely for the jury to say whether or not any act

or acts of the defendant or its motorman was a negligent act.

7th. "Because it is respectfully submitted that his Honor erred in refusing to charge the defendant's fourth request, to wit: 'The evidence in this case does not warrant a verdict to be rendered against the defendant company for punitive damages.' The error being, as is respectfully submitted, that there was no evidence in the case showing any conscious act, or failure to act, on the part of the agents of the defendant which brought about the injury; on the contrary, the evidence shows that the agents of the defendant company began to take precautions to prevent the alleged injury as soon as the motorman saw the child was in danger, and that the injury was not caused by any wilfulness, wantonness or recklessness on the part of the defendant.

8th. "Because his Honor erred in instructing the jury in substance that they could find a verdict for actual damages, provided they concluded the defendant was guilty of negligence, and could also at the same time and for the same act find a verdict for punitive damages if they find the defendant was guilty of wilfulness or wantonness.

"The error being, as is respectfully submitted, that the same act cannot be both negligent and wilful and wanton, and his Honor should have instructed the jury that if the act of the defendant was negligent, a verdict for punitive damages could not be rendered, and that if the conduct of the defendant was wilful or wanton a verdict for negligence could not be rendered."

*Messrs. Sanders & DePass,* for appellant, cite: *There is no evidence of wilfulness:* 90 S. C. 442; 60 S. C. 67; 82 S. C. 92; 87 S. C. 316. *Negligence is never equivalent of wantonness:* 61 S. C. 170; 64 S. C. 494; 68 S. C. 98; 78 S. C. 329; 81 S. C. 32; 69 S. C. 116; 91 S. C. 78. *Court should not state what facts would constitute negligence:* 83 S. C. 328.

*Messrs. John Gary Evans,* and *Nichols & Nichols,* contra.

May 28, 1913. The opinion of the Court was delivered by

Mr. Chief Justice Gary. The allegations of the complaint, material to the questions presented by the exceptions, are as follows:

"That on or about the —— day of October, A. D. 1911, the plaintiff, with other school children, were on their way from school, and it became necessary to cross the tracks of the defendant company to reach plaintiff's home in said city, and that while plaintiff was on said track, the defendant caused its trolley car to approach the crossing and the place, where plaintiff was standing at an unlawfully high rate of speed and without notifying the plaintiff, although she was in full view of the motorman running said car, wilfully, wantonly, recklessly, negligently, and in utter disregard of the rights of plaintiff, caused the said car to run into and collide with the body of plaintiff, knocking her violently to the ground, bruising her body, filling her with intense fright, and shocking her nervous system to her great damage in the sum of five thousand dollars."

The defendant denied the allegations of negligence and recklessness, and set up the defense of contributory negligence and assumption of risk.

The jury rendered a verdict in favor of the plaintiff, for two hundred dollars actual damages, and for two hundred dollars punitive damages.

The defendant appealed upon exceptions, which will be reported.

First Exception. The record shows that the question raised by this exception thus arose, during the examination of W. C. Gash, a witness for the plaintiff:

By John Gary Evans, Esq.: "Would it be possible for anyone, standing where those children were, with a freight

train running on that track, to hear that little gong, if a locomotive was pulling the freight train? I could hear the train going down rumbling. What kind of train was that? Just a freight train.

Judge Gary: "I think it is a matter of common knowledge that all freight trains are noisy.

"Will you state, under the circumstances there, whether it would have been possible, under those conditions, for those children to have heard the gong?

Judge Gary: "I rule that having given the facts to the jury, he can then express his opinion as to whether or not it could have been heard." Objection by C. P. Sanders, Esq., on the ground of opinion evidence.

"With a freight train going down right by there, and those children standing there, looking at the freight train, do you think they could have heard the gong? I don't think they could have heard it."

The sole objection to the testimony was on the ground, that it was opinion evidence. The exception, however, assigns error in "that this was altogether a matter of opinion, and allowed the witness to give his opinion, on one of the material points of the case." Waiving the objection that the first ground was too general, and that the second ground is not properly before this Court for consideration, as it was not urged upon the trial in the Circuit Court, the exception can not, however, be sustained.

The surroundings could not be reproduced, so as to afford the jury the same opportunity of forming a correct opinion, as when viewed by the witness. The ruling of his Honor, the presiding Judge, is fully sustained by the case of *Easler* v. *Ry.,* 59 S. C. 311.

There is still another reason, why the exception can not be sustained, to wit: when a similar question was propounded to the witness, it was answered without objection.

The next question that will be determined is, whether the plaintiff, who was an infant under seven years of age, at the time of the injury, was subject to the defense of contributory negligence.

In the case of *Tucker* v. *Buffalo Mills,* 76 S. C. (cited with approval in *Goodwyn* v. *Columbia Mills Co.,* 80 S. C. 349), the Court held, that an infant between seven and fourteen years of age, is presumed to be incapable of committing contributory negligence or trespass, and that it was incumbent on the party alleging such negligence or trespass, to overcome the presumption of incapacity; and that if the facts were susceptible of only one inference, it was to be drawn by the Court, otherwise by the jury. In that case the Court said: "The charge was based upon the well known fact, in reference to the capacity of infants to commit crime, a rule founded in deep knowledge and experience, with reference to the power of infants to discern between right and wrong, and has the support of a number of cases in other jurisdictions." The rule as to the capacity of a child to commit crime is thus stated in 1 Bishop on Criminal Law, section 368: "The period of life at which a capacity for crime commences, is not susceptible of being established by an exact rule, which shall operate justly in every possible case. But on the whole, justice seems best promoted by the existence of some rule. Therefore, at the common law, a child under seven years, is conclusively presumed incapable of committing any crime. Between seven and fourteen, the law also deems the child incapable; but only *prima facie* so; and evidence may be received to show a criminal capacity. The question is whether there was a guilty knowledge of wrongdoing. Over fourteen, infants, like all others, are *prima facie* capable; and he who would set up their incapacity must prove it.".

This rule is recognized in 16 Enc. of Law 312, and 22 Cyc. 623-6.

The next question for consideration is, whether there was any testimony tending to show, that the plaintiff was entitled to punitive damages.

Without going into details, it is sufficient to state that there was a signboard at the crossing upon which was written: "Cars Stop Here;" this crossing, was used by the school children; it was at the junction of three streets; conductors had been instructed to stop their cars at that crossing; witnesses testified that the crossing was very dangerous. It, therefore, can not be successfully contended that there was no testimony tending to show, that the plaintiff was entitled to punitive damages.

When the other questions presented by the exceptions are considered in connection with the entire charge, it will be seen that they can not be sustained.

Judgment affirmed.