23626

T. Travis MEDLOCK as Attorney General, State of South Carolina, Respondent v. 1985 FORD F-150 PICK UP VIN 1FTDF15YGFNA22049, One Thousand One Hundred Forty Three and No/100 ($1,143.00) United States Currency and Six Thousand Six Hundred Eighty and No/100 ($6,680.00) United States Currency, Appellants.

(417 S.E. (2d) 85)

Supreme Court

*Melvin L. Roberts,* York, for *owner, Robert Earl Childers.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Attys. Gen. Edwin E. Evans* and *Cameron M. Currie,* and *State Atty. Georgia L. Lewis,* for *respondent Medlock.*

Heard Feb. 18, 1992.

Decided April 13, 1992.

HARWELL, Chief Justice:

We are presented with the question of whether an owner of property subject to forfeiture pursuant to S.C. Code Ann. §§ 44-53-520 and -530 (Supp. 1991)[1] is entitled to a jury trial. The forfeiture judge held that the owner of the property sub-

---

[1] S.C. Code Ann. § 44-53-520 (Supp. 1991) defines items subject to forfeiture when seized pursuant to a drug offense. These generally include controlled substances; raw materials, products, and equipment used in processing and delivering controlled substances; containers; real and personal property knowingly used to produce or distribute controlled substances; books, records, formulas, etc.; conveyances, such as motor vehicles or boats used to transport controlled substances; money or other things of value furnished in exchange for a controlled substance, as well as proceeds of an exchange, such as personal or real property; and all other money found near forfeitable items.

S.C. Code Ann. § 44-53-530 (Supp. 1991) provides for forfeiture procedures, the disposition of forfeited items, and the disposition of proceeds of sales.

ject to forfeiture in this action, Robert Earl Childers, was not entitled to a jury trial. We reverse.

## I. FACTS

Childers was convicted in January 1990 for conspiracy to traffic in illegal narcotics. A forfeiture hearing was held in circuit court in December 1990 to confirm the forfeiture of certain property, designated above as "appellants," to the State. Childers demanded a jury trial. His request was denied by the forfeiture judge, and the forfeiture was confirmed.

## II. DISCUSSION

We emphasize at the outset that the property subject to forfeiture in this case is not a controlled substance or other item which is the subject matter of the crime itself. Nor is it a special instrument tailored to the commission of a crime. *See Commonwealth v. One 1972 Chevrolet Van*, 385 Mass. 198, 431 N.E. (2d) 209 (1982) (distinguishing contraband and special tools adapted for criminal activity). Rather, the property at issue here is property that normally is used for lawful purposes.

### A. *Right to Jury Trial*

Childers asserts that the forfeiture judge erred in denying him a jury trial. We agree.

The South Carolina Constitution provides that "the right of trial by jury shall be preserved inviolate." S.C. Const. art. I, § 14. We have interpreted this section to mean that the right to a trial by jury is guaranteed in every case where the right to a jury was secured at the time of the adoption of our Constitution in 1868. *C.W. Matthews Contracting Co. v. South Carolina Tax Commission*, 267 S.C. 548, 230 S.E. (2d) 223 (1976).

We have addressed the right to a jury trial in forfeiture proceedings. In *State v. Simons*, 29 S.C.L. (2 Speers) 761 (1844), we held that the Act of 1835, which purported to allow forfeiture of property after a hearing before two magistrates and five freeholders, was unconstitutional and void because it "[undertook] to clothe a forum with the power of depriving [the owner] of her property, which is not sustained by the law existing at the adoption of the constitution, and which does

not proceed by the common law mode of trial by jury. . . ." *Id.* at 768. *See also Follin & Fourgeaud v. Coogan,* 46 S.C.L. (12 Rich.) 44 (1859); *Ham v. McClaws,* 1 S.C.L. (1 Bay) 93 (1789) (referring to presence of juries in forfeiture proceedings).

This does not end our inquiry, however. *Simons* discussed the right to a jury trial in a forfeiture action which proceeded *in personam.* Section 44-53-530 contemplates an action *in rem,* which is a civil proceeding against the property itself. *See State v. Petty,* 270 S.C. 206, 241 S.E. (2d) 561 (1978). We discern, however, that the character of the action as one triable at common law is not changed because the action proceeds *in rem* and not *in personam.* The right to a jury trial encompasses forms of action that have arisen since the adoption of the Constitution in those cases where the later actions are of a like nature to actions which were triable at common law prior to adoption of the Constitution. *Accord, State v. 1920 Studebaker Touring Car,* 120 Or. 254, 251 P. 701 (1926).

Furthermore, it appears that defendant owners are denied the right to replevy against the State for property wrongfully forfeited.[2] Seized items are

> not subject to replevin but [are] considered to be in the custody of the department making the seizure subject only to the orders of the court having jurisdiction over the forfeiture proceedings. Property described in § 44-53-520(a) is forfeited and transferred to the government at the moment of illegal use. Seizure and forfeiture proceedings confirm the transfer.

S.C. Code Ann. § 44-53-520(d) (Supp. 1991). S.C. Code Ann. § 44-53-586 (Supp. 1991) provides for the return of seized items only to "innocent owners." Construing sections 44-53-586 and 44-53-520(d) together, it appears that the only persons who may apply for the return of items seized pursuant section 44-53-520 are third parties who hold an interest in the

---

[2] An owner generally has the right to replevy against the State for property wrongfully detained. *See, e.g., Moore v. Ewbanks,* 66 S.C. 374, 44 S.E. 971 (1903); *Ex Parte Keeler,* 45 S.C. 537, 23 S.E. 865 (1896). As originally enacted, section 44-53-520 provided that only the controlled substances, raw materials, equipment, containers, and other items directly implicated in the commission of the drug violation were not subject to replevin. *See* S.C. Code Ann. § 32-1510.64 (Supp. 1975).

property, and who did not consent to , were not privy to, or did not have knowledge of the use of the property which made it subject to seizure or forfeiture. *Cf. United States v. Federal National Mortgage Association,* 946 F. (2d) 264 (4th Cir. 1991). This lack of a remedy in replevin serves to further convince us that the right to a jury trial is crucial. Accordingly, we hold that defendant owners possess a right to a jury trial where the property subject to forfeiture under sections 44-53-520 and -530 is property normally used for lawful purposes.

### B. *Constitutionality*

Having determined that a defendant owner is entitled to a jury trial when the property subject to the forfeiture provisions of sections 44-53-520 and -530 is property normally used for lawful purposes, we now must determine whether the forfeiture procedure articulated in section 44-53-530(a) can withstand constitutional scrutiny.

Section 44-53-530(a) provides, in relevant part, that:

> The judge shall determine whether the property is subject to forfeiture and order the forfeiture confirmed. If the judge finds a forfeiture, he shall then determine the lienholder's interest as provided in this article. The judge shall determine whether any property must be returned to a law enforcement agency pursuant to Section 44-53-582.

Where a statute is clear and unambiguous, the terms of the statute must be given their literal meaning. *Duke Power Co. v. South Carolina Tax Commission,* 292 S.C. 64, 354 S.E. (2d) 902 (1987). A trial by judge has been defined as "[t]rial before judge alone, in contrast to before jury and judge." Black's Law Dictionary 1505 (6th ed. 1990). We find that the section 44-53-530(a) is unambiguous, and that the legislature intended for forfeiture proceedings pursuant to sections 44-53-520 and -530 to be held before a judge alone.

The legislature cannot abrogate the right to a jury trial simply by designating a proceeding a s a civil action without a jury. *1972 Chevrolet Van,* 385 Mass. at 202, 431 N.E. (2d) at 212.[3] We hold that section 44-53-530(a) is un-

---

[3] The General Assembly possesses the authority to propose a constitutional amendment which, if adopted by the electorate, would abolish the right to a jury trial in forfeiture proceedings. S.C. Const. art. XVI, § 1.

constitutional to the extent that it denies a defendant owner the right to a jury trial in those cases where the property subject to forfeiture normally is used for lawful purposes. In so holding, we join the majority of jurisdictions that recognize the right to a jury trial in proceedings to enforce civil forfeiture statutes when the property subject to forfeiture is property normally used for lawful purposes. *See In re 1978 Chevrolet Van*, 493 So. (2d) 433 (Fla. 1986), and the cases enumerated therein.

The order of the forfeiture judge denying Childers's request for a jury trial is reversed, and the case remanded for a new trial.

Reversed and remanded.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.