483 S.E.2d 750

**William K. COOPER, Respondent,**

v.

**Jackie Powell POSTON, Appellant.**

No. 24595.

Supreme Court of South Carolina.

Heard Feb. 4, 1997.

Decided March 31, 1997.

Gary H. Johnson, II, of McDonald, McKenzie, Rubin, Miller and Lybrand, LLP, Columbia, for appellant.

Everett Hope Garner, of Holler, Olive, Dennis, Corbett and Garner, Columbia, for respondent.

BURNETT, Justice:

This case presents the issue of whether a jury trial may be demanded on appeal pursuant to S.C.Code Ann. § 38–77–770 (1989) from the decision of an arbitration panel. The trial court held a jury trial may not be demanded. We reverse.

## FACTS

Respondent sustained property damage as a result of a motor vehicle accident with appellant. Respondent filed a Summons for Arbitration pursuant to S.C.Code Ann. §§ 38–77–710 to· –770 (1989), seeking actual and punitive damages. Appellant filed an answer in which she objected to the jurisdiction of the arbitration panel, demanded a jury trial, and specifically stated she did not waive her right to a jury trial.

The matter was heard by a panel of arbitrators and a decision was rendered in favor of respondent for $5,831.90 actual damages. Appellant filed a notice of appeal, again demanding a jury trial. The circuit court ruled appellant did not have a right to a jury trial on appeal from the ruling of the arbitration panel.

## ISSUE

Does a party have the right to a jury trial on appeal from the ruling of the arbitration panel under S.C.Code Ann. §§ 38–77–710 to –770?

48

## DISCUSSION

■ Appellant argues the trial judge erred by determining she did not have a right to a jury trial on her appeal from the decision of the arbitration panel. We agree.

South Carolina Code Ann. §§ 38–77–710 to –770 provide for the arbitration of property damage liability claims, including the award of actual and punitive damages, arising out of motor vehicle accidents. Any party to the disputed claim may request arbitration by filing a Summons for Arbitration. The arbitration is heard and determined by an attorney or attorneys appointed by the circuit court. A party who is dissatisfied with the decision of the arbitrator(s) may appeal the decision to the circuit court. "The trial on appeal must be a trial de novo." S.C.Code Ann. § 38–77–770.

■ South Carolina Constitution art. I, § 14 provides "[t]he right to a trial by jury shall be preserved inviolate." This guarantee preserves the right to a jury trial in those cases where jury trials were allowed at the time of the adoption of the Constitution in 1868. *Medlock v. 1985 Ford F–150 Pick Up*, 308 S.C. 68, 417 S.E.2d 85 (1992). Under the common law, legal actions for the recovery of money were triable by a jury. *Collier v. Green*, 244 S.C. 367, 137 S.E.2d 277 (1964); *Bell v. Atlantic Coast Line R. Co.*, 202 S.C. 160, 24 S.E.2d 177 (1943). Consequently, both appellant and respondent are constitutionally entitled to a jury trial in an action for monetary damages arising out of a motor vehicle accident.

Section 38–77–770 does not abolish the guaranteed right to a jury trial. Although § 38–77–770 refers to an "appeal," the proceeding is actually a new trial.[1] Section 38–77–770 does not mandate the new trial be heard by a judge alone and there is no practical impediment to the trial being heard by a jury.

Furthermore, the arbitration procedures set forth in §§ 38–77–710 to –770 are compulsory in the sense they may be initiated by one of the disputing parties without agreement of the other party. It would be unfair to allow one party to abrogate another party's constitutional right to a jury trial by

---

1. A trial de novo is one in which there is a new trial of the whole case, thereby negating the arbitration proceeding. *Blizzard v. Miller*, 306 S.C. 373, 412 S.E.2d 406 (1991).

choosing arbitration as the final and binding forum for the action.[2]

■ Moreover, the legislature cannot abrogate the constitutional right to a jury trial by simply designating a civil action as non-jury. Amendments to the S.C. Constitution may be made only after approval by the electorate. S.C. Const. art. XVI, § 1; *Medlock, supra.*

Finally, the trial judge's order states permitting the trial de novo to be by jury will hinder the goal of expediency envisioned by the arbitration statute. While this may be true, we conclude judicial economy is subordinate to the constitutional right to a trial by jury.[3]

**REVERSED.**

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.

---

2. We note a different outcome would likely result if the parties had a voluntary, enforceable arbitration agreement. *See Timms v. Greene,* 310 S.C. 469, 427 S.E.2d 642 (1993).

3. As an additional sustaining ground, respondent argues appellant's demand for a jury trial was untimely and, therefore, she has waived her right to a jury trial. We are unpersuaded by this argument. In her answer, appellant objected to the jurisdiction of the arbitration panel, demanded a jury trial, and specifically stated she did not waive her right to a jury trial. Appellant's pleading provided respondent with timely notice that she did not waive her right to a jury trial.