Justice PLEICONES:
I concur in part and dissent in part. First, I agree that our decision in Stephen W.,[16] is dispositive of the only issue properly before this Court: whether a juvenile is entitled to a jury trial in a family court delinquency proceeding. To the extent that the majority addresses matters raised only by the amicus curiae, I dissent. See Rule 213 SCACR. I also disagree with any suggestion that a juvenile’s “immutable right to a jury trial” requires the Court sua sponte create a right allowing the juvenile to waive his case from family court to general sessions. The purported “constitutional conundrum” results from the equation of a juvenile delinquency petition with a criminal charge, a misunderstanding that is wholly at odds with our analysis in Stephen W. Further, were this new procedure indeed constitutionally mandated, then I do not understand why we would not remand this appeal to allow Appellant the opportunity to exercise his right to a jury trial in general sessions.
In my opinion, this case is controlled in its entirety by Stephen W. Accordingly, I respectfully dissent from any discussion beyond the issue raised by the Appellant, and would hold only that the family court order should be affirmed.
KITTREDGE, J., concurs.

. In re Stephen W., 409 S.C. 73, 761 S.E.2d 231 (2014).