**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Home Builders Association of South Carolina, Home Builders Association of York County, Soni Construction, Inc., Shea Investment Fund 2, LLC, and Shea Investment Fund 3, LLC, Appellants,

v.

State of South Carolina and York County, Respondents.

Appellate Case No. 2020-000612

———————

Appeal from York County
William A. McKinnon, Circuit Court Judge

———————

Memorandum Opinion No. 2021-MO-003
Heard January 13, 2021 – Filed March 10, 2021

———————

**AFFIRMED**

———————

Keith M. Babcock and Ariail E. King, both of Lewis Babcock L.L.P., of Columbia, for Appellants.

Sarah P. Spruill, of Haynsworth Sinkler Boyd, P.A., of Greenville, for Respondent York County; and Attorney General Alan Wilson, Solicitor General Robert D. Cook, and Deputy Solicitor General J. Emory Smith Jr., all of Columbia, for Respondent the State.

———————

**PER CURIAM:**  This direct appeal involves a facial challenge to the validity of the South Carolina Development Impact Fee Act (the Act), S.C. Code Ann. §§ 6-1-910 to -2010 (2020).  *See generally J.K. Constr., Inc. v. W. Carolina Reg'l Sewer Auth.*, 336 S.C. 162, 172 n.2, 519 S.E.2d 561, 566 n.2 (1999) ("Local governing bodies have turned to impact fees in recent years as funds from the federal government dried up, mandates from state and federal governments increased, and local residents fought property tax hikes.  The purpose of an impact fee is to fairly distribute the capital improvement costs of growth and development among those who are generating the need for the improvements." (internal citations omitted) (internal quotation marks omitted)).  We affirm.

In this case, York County imposed an impact fee on new home construction in its School District No. 4, which comprises Fort Mill, Tega Cay, and the surrounding unincorporated areas.  Local developers opposed the fee, claiming the Act was unconstitutionally vague and therefore violated their right to substantive due process.  Specifically, the developers argued that although the Act required the County to consider the impact on affordable housing caused by a proposed development impact fee, it did not provide sufficient guidance on how to accomplish that directive.  We find the Act is valid on its face.

Pursuant to the Act, before imposing a development impact fee, a governmental entity must "prepare a report which estimates the effect of recovering capital costs through impact fees on the availability of affordable housing" in the area.  S.C. Code Ann. § 6-1-930(A)(2).  The Act defines affordable housing as "housing affordable to families whose incomes do not exceed [80%] of the median income for the service area or areas within the jurisdiction of the governmental entity."  *Id.* § 6-1-920(1).  While the Act does not provide additional guidance on how to assess the impact to affordable housing, the developers' expert witness conceded that the United States Department of Housing and Urban Development (HUD) has established a "fairly standard threshold looking at housing affordability."  Specifically, HUD defines a household as cost-burdened if it spends more than 30% of its income on housing, and severely cost-burdened if it spends more than 50% of its income on housing.[1]  Neither party (nor their experts) offered any other possible standard to assess the degree of burden resulting from housing costs other than the 30% number.  Given the apparent consensus in the industry that 30% is

---

[1] *See* Benjamin S. Carson Sr., *Heard from HUD: The Case for Eliminating Regulatory Barriers to Housing*, 28 J. Affordable Hous. & Cmty. Dev. L. 325, 325 (2019).

the "standard" measure for determining the degree of burden a household faces due to housing expenses, we find the Act's definition of affordable housing is sufficient to avoid being facially void for vagueness. *See S.C. Hum. Affs. Comm'n v. Chen*, 430 S.C. 509, 529–30, 846 S.E.2d 861, 871–72 (2020) ("All the Constitution requires is that the [statutory] language convey sufficiently definite warnings as to the proscribed conduct when measured by *common understanding* and practices. The requirement that statutory language must be reasonably certain is satisfied by the use of *ordinary terms which find adequate interpretation in common usage and understanding, or if the term can be given meaning by reference to other definable sources*. The [United States] Supreme Court has observed that the precise point of differentiation in some instances is not easy of statement, but as a general rule, decisions upholding statutes as having sufficient certainty have rested upon the conclusion that they *employed words or phrases having a technical or other special meaning, well enough known to enable those within their reach to correctly apply them*, or a well-settled common-law meaning, notwithstanding an element of degree in the definition as to which estimates might differ, or, that, for reasons found to result either from the text of the statutes involved or *the subjects with which they dealt, a standard of some sort was afforded*." (internal alteration and quotation marks omitted) (emphasis added) (quoting *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391–92 (1926); *S.C. Dep't of Soc. Servs. v. Michelle G.*, 407 S.C. 499, 506, 757 S.E.2d 388, 392 (2014))).

We also find that, on its face, the Act does not violate an individual's right to substantive due process. "In reviewing substantive due process challenges to [a statute], a court must consider whether the [statute] bears a reasonable relationship to any legitimate interest of government." *Dunes W. Golf Club, L.L.C. v. Town of Mount Pleasant*, 401 S.C. 280, 296, 737 S.E.2d 601, 609 (2013) (quoting *McMaster v. Columbia Bd. of Zoning App.*, 395 S.C. 499, 505, 719 S.E.2d 660, 663 (2011)). The party asserting a violation of his right to substantive due process must "show that he was arbitrarily and capriciously deprived of a cognizable property interest rooted in state law." *Id.* (citation omitted). Impact fees are becoming increasingly common throughout the United States, with a great number of states utilizing them in one form or another. As is relevant here, the Act permits, but does not require, a county or municipality to impose a development impact fee representing a proportionate share of the cost of new school construction necessary to serve the people utilizing that school. *See* S.C. Code Ann. §§ 6-1-920(8), -920(17), -930(D), -980(A), -990(A), -1000. Local governments unquestionably have a legitimate interest in providing for the education of our youth. The Act gives localities the choice of whether to fund via impact fee a proportionate share of any new school construction necessitated by

new development in the area. In no manner can such a choice be deemed facially arbitrary and capricious or a violation of substantive due process.

Similarly, the developers argued the Act was facially unconstitutional because it did not place a limit on the amount that a local governmental entity can assess via a development impact fee. We disagree, for the Act mandates that the fee cannot exceed the proportionate share of costs for the new public facility that is necessitated by the new development that will be paying the fee. *See* S.C. Code Ann. §§ 6-1-920(8), -920(17), -930(D), -980(A), -990(A), -1000. There are a number of public facilities listed in the Act that are eligible to be funded via impact fee,[2] and it is readily apparent that a rigid, one-size-fits-all cap—expressed in dollars—would not be workable. Nonetheless, in essence, the Act does impose a cap by requiring that the development impact fee not exceed the proportionate share of actual costs. Thus, we conclude the Act's failure to specify a hard limit on the amount of a development impact fee is likewise not facially arbitrary or capricious, nor a denial of substantive due process.

We therefore hold the developers have failed to carry their burden to show the Act is facially unconstitutional beyond a reasonable doubt. *See Chen*, 430 S.C. at 528–29, 846 S.E.2d at 871 ("This Court has a very limited scope of review in cases involving a constitutional challenge to a statute. All statutes are presumed constitutional and will, if possible, be construed so as to render them valid. A legislative act will not be declared unconstitutional unless its repugnance to the constitution is clear and beyond a reasonable doubt. A legislative enactment will be declared unconstitutional only when its invalidity appears so clearly as to leave no room for reasonable doubt that it violates a provision of the constitution. A possible constitutional construction must prevail over an unconstitutional interpretation." (citations omitted) (internal quotation marks omitted)); *In re Stephen W.*, 409 S.C. 73, 76, 761 S.E.2d 231, 232 (2014) ("The party challenging the constitutionality of the statute has the burden of proving the statute unconstitutional." (citation omitted) (internal quotation marks omitted)).[3]

The developers additionally assign error in the trial court's finding that the York County ordinances enacting the development impact fee here substantially complied with the Act. This "substantial compliance" challenge is an as-applied

---

[2] *See* S.C. Code Ann. § 6-1-920(18).

[3] We note the developers initially raised a claim that the Act effectuated a taking, but that claim has been withdrawn.

constitutional challenge.  While the developers maintain they present only a facial challenge, we have nevertheless reviewed this additional argument.  Having reviewed the record, we affirm the trial court's finding of substantial compliance. *See Charleston Trident Home Builders, Inc. v. Town of Summerville*, 369 S.C. 498, 509–11, 632 S.E.2d 864, 870–71 (2006) (upholding the constitutionality of the Act against an as-applied challenge in part because the governmental entity had substantially complied with the Act's requirements, and in part because the developer "offer[ed] no analysis of the various factors challenged that would *actually result in different fees*" (emphasis added)).

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**