14587

STATE v. ROSS

(194 S. E., 439)

*Mr. Claude A. Taylor,* for appellant, cites:

*Messrs. William P. Donelan* and *Allen Lambright, County Solicitor,* for respondent, cite:

December 15, 1937.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

At the 1934 session of the General Assembly of South Carolina there was passed an Act entitled "An Act to Regulate the Occupation of Hairdressers and Cosmetologists * * * and to Provide Penalties for the Violation Thereof," 38 Stat. at Large, p. 1349. This Act was approved the 10th day of March, 1934.

At the 1937 session of the General Assembly there was passed "An Act to Regulate the Practice of Barbering in the State of South Carolina," 40 Stat. at Large, p. 339. This Act was approved the 22d day of April, 1937.

The appellant was tried before a magistrate in Spartanburg County upon a charge of violating Section 1 and Section 28, Subd. (e), of the Act of 1934, regulating the practice of the cosmetic art, by practicing without securing a license. She was convicted and from the judgment and sentence of the Magistrate's Court she appealed to the County Court of Spartanburg County. The 14th day of August, 1937, Hon. Arnold R. Merchant, Judge of said Court, filed his order, affirming the judgment of the Magistrate's Court and dismissing the appeal.

From that order, the appeal came to this Court, upon exceptions which challenge the validity and constitutionality of the Act which regulates the practice of the cosmetic art in this State. The principal contention of the appellant is that the Act under which she was convicted is unconstitutional because it exempts barbers from its provisions.

When the case was called for hearing in this Court, counsel representing the defendant in the case of *State v. Hilley,*

tried in Greenville County on a charge of violating the Cosmetic Act, in which Hilley is respondent, moved the Court to require the State to try that case then, although no brief had been filed in that case. The motion was refused. Counsel then moved that the two cases of *State v. Hilley* and *State v. Ross* be consolidated and heard together. This motion likewise was refused.

Thereupon counsel asked that they be allowed to file in the *Ross case* briefs as *amicus curiae,* which request was granted.

Counsel have apparently assumed that that concession gave them the right to present the *Hilley case* to this Court and to argue the appeal. At any rate, they have included in their brief the order of Judge Bellinger in the *Hilley case,* which held the Cosmetic Act to be unconstitutional, and have argued it as bearing on the *Ross case.*

This Court is not now trying the *Hilley case.* Its attention is focused on the *Ross case.* The *Hilley case* can have no bearing on the appeal in the *Ross case,* and what is said in this opinion in the *Ross case* has no relation to, nor bearing on the *Hilley case.*

We are satisfied with and concur in the order of Judge Merchant. This much we may add to his well-considered order.

It is common knowledge that the principal and chief work of the barber is to cut the hair and shave the faces of his customers; what he does by way of putting a tonic on the head from which he has cut the hair, or a lotion on the face he has shaved, is incidental to the primary work of cutting and shaving.

The principal and chief work of the cosmetologist is to treat the scalp and hair, to give permanent waves, to beautify the complexion of her patrons, who are almost entirely women.

Since the passage of the Act of April 22, 1937, regulating the practice of barbering, these differences, or alleged similarities, of occupation seem to be no longer of consequence.

Let the order of Judge Merchant be reported.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.