649 S.E.2d 486

**The STATE, Respondent,**

v.

**Bryan Nolan LAMB, Appellant.**

No. 26367.

Supreme Court of South Carolina.

Heard June 7, 2007.

Decided Aug. 6, 2007.

Rehearing Denied Sept. 6, 2007.

Chief Attorney Joseph L. Savitz, III, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia, and Solicitor David Michael Pascoe, Jr., of Summerville, for Respondent.

Justice WALLER.

In 2004, a jury found appellant Bryan Lamb guilty of a murder committed in 1990. The trial court sentenced Lamb to life imprisonment, and he directly appeals. We affirm.

## FACTS

On November 7, 1990, 13–year–old Crystal "Cricket" Surrell was seen walking to school toward a path that went through some woods in Dorchester County. Cricket was found dead

the next morning. Her panties had been cut or ripped off and stuffed in her mouth. Her jeans were pulled down to her ankles, and her bra and sweater were pulled up to her neck. She had four stab wounds to her neck. The cause of death was asphyxiation from the gag in her mouth and agonal aspiration on the blood in her throat from the stab wounds. It was estimated that Cricket died the morning of November 7. At the time of the murder, Lamb was 14 years old and went to middle school with Cricket.

In 2003, a juvenile petition was filed in family court against Lamb alleging that he murdered Cricket when he was a minor. Thereafter, the solicitor's office filed a waiver motion requesting that a pre-waiver evaluation be done and the family court thereafter determine whether Lamb should be transferred to the court of general sessions. Prior to the evaluation, however, the family court issued a "Consent Waiver Order" accepting Lamb's consent to be waived from family court to the court of general sessions. The court specifically found that Lamb, "after being advised by competent counsel, knowingly and voluntarily" consented to the waiver. After the case was transferred to general sessions court, a Dorchester County grand jury indicted Lamb for murder.

## ISSUE

Did the court of general sessions have subject matter jurisdiction to try Lamb after the family court accepted Lamb's consent to transfer?

## DISCUSSION

■ Lamb argues that because a waiver evaluation and hearing were not conducted in the family court, the court of general sessions was without subject matter jurisdiction to try him as an adult for murder. Basically, Lamb maintains the family court was not permitted to accept his consent to the waiver. We disagree.

The statute governing the transfer of jurisdiction from family court to general sessions court in a murder case states as follows:

Within thirty days after the filing of a petition in the family court alleging the child has committed the offense of murder ..., the person executing the petition may request in writing that the case be transferred to the court of general sessions with a view to proceeding against the child as a criminal rather than as a child coming within the purview of this article. The judge of the family court is authorized to determine this request. If the request is denied, the petitioner may appeal within five days to the circuit court. Upon the hearing of the appeal, the judge of the circuit court is vested with the discretion of exercising and asserting the jurisdiction of the court of general sessions or of relinquishing jurisdiction to the family court. If the circuit judge elects to exercise the jurisdiction of the general sessions court for trial of the case, he shall issue an order to that effect, and then the family court has no further jurisdiction in the matter.

S.C.Code Ann. § 20–7–7605(6) (Supp.2006).[1]

■ In a murder case, the Legislature intended to give the family court discretion to transfer jurisdiction "for any juvenile, regardless of age." *State v. Corey D.,* 339 S.C. 107, 114, 529 S.E.2d 20, 24 (2000). On appellate review, the transfer order will be affirmed unless the family court has abused its discretion. *State v. Avery,* 333 S.C. 284, 292, 509 S.E.2d 476, 481 (1998).

We find it was well within the family court's discretion to accept consent to the transfer of jurisdiction, especially given the unusual facts of the instant case.[2] The record indicates that Lamb's consent was intelligently and voluntarily given. Thus, the family court appropriately accepted Lamb's consent to waiver. In addition, because of the family court's transfer

---

1. The predecessor transfer statute in effect at the time of this 1990 murder was S.C.Code Ann. 20–7–430 which was repealed in 1996 when the transfer of jurisdiction statute became section 20–7–7605. See *State v. Corey D.,* 339 S.C. 107, 112, 529 S.E.2d 20, 23 (2000) (explaining that section 20–7–7605, enacted in 1996, is substantially similar to its predecessor statute, section 20–7–430, which was enacted in 1981 and repealed in 1996). In both statutes, subsection 6 governed murder cases; the language of both versions is identical.

2. Although Lamb was only 14 years old at the time of Cricket's murder, he was 27 when the juvenile petition was filed.

order and the subsequent indictment, the general sessions court was properly vested with jurisdiction to try Lamb on the murder charge.

Lamb contends that under South Carolina law, the family court must conduct a waiver hearing after an evaluation has been performed, and only then issue its waiver order. *See, e.g., State v. Kelsey,* 331 S.C. 50, 65, 502 S.E.2d 63, 70–71 (1998) (the family court's waiver of jurisdiction order must sufficiently state the reasons for transfer and should demonstrate that the statutory requirement of full investigation has been met); *State v. Avery, supra* (same). We note, however, that the facts of those cases are inapposite since waiver of the family court's jurisdiction was not at issue. Furthermore, we simply see no reason why a defendant should not be permitted to consent to the transfer of jurisdiction provided the consent is knowing and voluntary. *Cf. Sanders v. State,* 281 S.C. 53, 56, 314 S.E.2d 319, 321 (1984) ("The jurisdiction of the family court over juveniles is a privilege rather than a matter of right.").

Accordingly, Lamb's conviction and sentence are **AFFIRMED**.

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.