THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Diego Reyes Campos, Appellant.
 
 
 

Appeal from Chester County
  Joseph W. McGowan, III, Family Court
Judge
 James R. Barber, III, Circuit Court Judge

Unpublished Opinion No. 2008-UP-566
 Submitted October 1, 2008  Filed October
13, 2008   

AFFIRMED

 
 
 
 Tara Shurling, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and
 Assistant Attorney General Julie Thames, all of Columbia; and Solicitor Douglas
 A. Barfield, Jr., of Lancaster, for Respondent.
 
 
 

PER CURIAM: 
 Diego Reyes Campos was arrested and charged with murdering a twelve-year-old
 female.  Campos was fourteen at the time of the incident.  After a hearing, the
 family court transferred jurisdiction to the circuit court, allowing Campos to be tried as an adult.  Campos pled guilty to voluntary manslaughter, and the circuit
 court sentenced Campos to twenty-five years of imprisonment.  Campos appeals, arguing the family court erred in transferring jurisdiction to the circuit
 court.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  Kent v.
 United States, 383 U.S. 541, 566-67, 86 S.Ct. 1045, 1060 (1966)
 (enumerating eight factors the family court must consider before granting a
 motion to transfer jurisdiction); State v. Lamb, 374 S.C. 346, 349, 649
 S.E.2d 486, 487 (2007) (In a murder case, the Legislature intended to
 give the family court discretion to transfer jurisdiction for any juvenile, regardless
 of age.); State v. Corey D., 339 S.C. 107, 118, 529 S.E.2d 20, 26
 (2000) (accepting the Kent factors as set forth by the United States
 Supreme Court and stating the family court must consider the Kent factors and emphasize that the serious nature of the offense is a major factor
 in the transfer decision); State v. Avery, 333 S.C. 284, 293, 509
 S.E.2d 476, 481 (1998) (holding the family courts order granting a motion to
 transfer jurisdiction must include a statement of the reasons for the transfer
 and must sufficiently demonstrate that the statutory requirement of full
 investigation has been met and that the question has received full and careful
 consideration by the family court); State v. Miller, 363 S.C. 635, 641,
 611 S.E.2d 309, 312 (Ct. App. 2005) (This court will affirm the transfer order
 unless the family court has abused its discretion.).  
AFFIRMED.
HEARN,
 C.J., and HUFF and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.