**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

In the Interest of Johnny A., A Juvenile under the Age of Seventeen, Appellant.

Appellate Case No. 2013-001453

Appeal From Richland County
Michelle M. Hurley, Family Court Judge

Unpublished Opinion No. 2015-UP-219
Submitted March 1, 2015 – Filed May 6, 2015

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Daniel Edward Johnson, of Columbia, all for Respondent.

**PER CURIAM:**  In an appeal from an adjudication of delinquency in family court, Johnny A. argues the family court erred in denying his motion for a jury trial.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *In re Stephen W.*, 409 S.C. 73, 76, 761 S.E.2d 231, 232 (2014) (holding juveniles are not constitutionally entitled to a jury trial in adjudication proceedings under the

United States Constitution (citing *McKeiver v. Pennsylvania,* 403 U.S. 528, 530-57 (1971))); *id.* at 79, 761 S.E.2d at 234 ("[The] important distinctions between the family court juvenile adjudication process and the traditional criminal justice process demonstrate that the juvenile adjudication process in family court is not of a like nature or similar to the manner in which juveniles were criminally charged at the time the Constitution was enacted.  As a result, the South Carolina Constitution does not entitle juveniles to a jury trial in family court adjudication proceedings."); *In re Kevin R.*, 409 S.C. 297, 305-06, 762 S.E.2d 387, 391 (2014) (reaffirming the analysis in *Stephen W.* and noting there are no collateral consequences to a juvenile adjudication because an adjudication is not the equivalent of a conviction); *id.* at 305, 762 S.E.2d at 391 ("[A]ny assertion that juveniles should be entitled to a jury trial because they are subject to registering as a sex offender if they are adjudicated delinquent for certain sex offenses is without merit as our appellate courts have held that registering as a sex offender is a civil, non-punitive consequence.").

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.